Ballon Stoll Bader & Nadler, P.C.
Avraham Cutler (AC 3764)
729 Seventh Avenue, 17th Floor
New York, New York 10019
(718) 578-7711

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
------------------------------------------------------- x

SHAHIRA NADER,                                                Index No.

                                   Plaintiff,

              -against-                                       **COMPLAINT**

CLEOPATRA RESTAURANT, INC.,
ANTONE YOUSSEF, individually and in his
official capacity and ALI OTHMAN, individually
and in his official capacity,

                                                             **JURY TRIAL DEMANDED**

                                   Defendants.

------------------------------------------------------- x

Plaintiff, Shahira Nader ("Plaintiff" or "Nader") for her Complaint against Defendants, Cleopatra Restaurant, Inc. ("Cleopatra" or the "Restaurant"), Antone Youssef ("Youssef") and Ali Othman ("Othman") (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff seeks to recover monetary damages and declaratory relief based upon Defendants' violation of the Fair Labor Standards Act of 1938, as Amended ("FLSA") arising from Defendants' failure to pay Plaintiff (a) overtime compensation at one and one half times her regular rates of pay for time worked in excess of 40 hours per week, (b) the agreed compensation for work performed at Defendants' direction and request, and (c) any wages for work performed for Defendants outside of the regular workweek.

## JURISDICTION AND VENUE

2.      Plaintiff's statutory causes of action arise under FLSA §16(b) and 29 U.S.C. §216(b).

3.      Plaintiff also seeks to recover monetary damages based upon Defendants' breach of her employment contract by failing to pay her the agreed upon wages for work she performed and/or their unjust enrichment gained by improperly failing to pay her wages for her work.

4.      This Court has jurisdiction of the subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1337 and 1367.

5.      Venue lies in this jurisdiction in that (a) substantially all the events and actions giving rise to the claims herein occurred within this district; (b) one of the Defendants has its place of business in this district and, upon information and belief, the other Defendants reside in the district; and (c) the Defendants may be found in this district.

6.      Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## PARTIES

7.      Plaintiff is a resident of Hackensack, Bergen County, New Jersey, and was employed by defendant Cleopatra until she was unlawfully terminated on August 6, 2012.

8.      At all times relevant hereto, Plaintiff, an employee within the meaning of §3(e) of FLSA, 29 U.S.C. §203(e), was employed by Defendants within the meaning of §3(g) of the FLSA, 29 U.S.C. §203(g), in an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of §§6 and 7 of the FLSA, 29 U.S.C. §§206 and 207.

9.      Defendant Cleopatra is an Arizona corporation with its principal place of business located at 5686 West Bell Road, Glendale, Arizona.

2

10.     At all relevant times herein, Defendant Cleopatra was, and still is, engaged in the restaurant business.

11.     At all relevant times herein, defendant Youssef was the President of the corporate defendant Cleopatra and resides at 5419 West Pontiac Drive, Glendale, Arizona.

12.     At all relevant times herein, defendant Othman was a Director of the corporate defendant Cleopatra and resides at 5422 West Pontiac Drive, Glendale, Arizona.

13.     Defendants caused events to occur in Maricopa County which are the basis for this Complaint.

14.     At all relevant times, Defendants were employers within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d), which, during all relevant times, employed Plaintiff to work as that term is defined in §3(g) of the FLSA, 29 U.S.C. §203(g).

15.     Defendants were, at all relevant times, joint employers of Plaintiff.

## STATEMENT OF FACTS

16.     Plaintiff is a highly respected and well known chef in the Mediterranean and Middle Eastern restaurant business in New Jersey.

17.     Defendants Youssef and Othman became familiar with Plaintiff's quality of work during a visit to New Jersey in or about November 2011, when a mutual acquaintance, Mr. Nabil, accompanied Defendants to Plaintiff's place of residence in New Jersey.

18.     While at Plaintiff's place of residence, defendants Youssef and Othman sampled different types of Middle Eastern food and plates, which were prepared by Plaintiff.

19.     In or about December 2011, because they were impressed with Plaintiff's distinguished quality of work, defendants Youssef and Othman, who resided in Glendale, Arizona, contacted Plaintiff and offered her a head chef position at their restaurant, Cleopatra.

20.     On or about February 15, 2012, an Employment Agreement (the "Agreement") was entered into between Plaintiff as Head Chef, and Cleopatra as employer. A true copy of the Employment Agreement is annexed hereto as **Exhibit 1**.

21.     Plaintiff's duties consisted primarily of preparing and cooking the food needed for the restaurant.

22.     Pursuant to the Agreement, Plaintiff was employed for a term of one (1) year, commencing from February 28, 2012 and ending on February 28, 2013.

23.     The Agreement provides that Cleopatra will pay Plaintiff compensation for her services in the amount of $1,000.00 per week. The agreement unlawfully provides that Plaintiff "also is required to come on her days off, only if the kitchen runs out of food items that she normally prepares for the menu on her normal work schedule with no additional pay."

24.     Since Plaintiff had to move with her family from New Jersey to Arizona, Cleopatra agreed to "front" Plaintiff with her "[m]oving out expenses," which Cleopatra would retrieve by deducting $200 each week from Plaintiff's salary "until all money paid upfront is reimbursed to Cleopatra."

25.     However, contrary to their representations and in violation of their contractual obligations, Defendants paid for Plaintiff's airline ticket only, and did not "front" her for any of her moving out expenses, including but not limited to, moving her furniture, personal belongings and clothing.

26.     Thus, since Defendants did not "front" Plaintiff any of her "moving out expenses," then Defendants are not owed any such expenses from Plaintiff.

27.     In reliance on Defendants' representations and promises, Plaintiff abandoned her employment and her residence in New Jersey and moved across country with her family to Arizona.

28.     Since the effective date of the Agreement until her unlawful termination, Defendants failed to pay Plaintiff the $1,000.00 weekly salary as required under the Agreement.

29.     Instead, Defendants paid Plaintiff $2,000.00 per month only, which amounts to $500.00 per week, which is clearly less than half of the amount Defendants contracted to pay Plaintiff.

30.     Despite Plaintiff's complaints and requests to be paid in full as provided under the Agreement, Defendants failed to abide by their contractual obligations and failed to pay Plaintiff her compensation.

31.     Defendants' failure to pay Plaintiff's wages violates the FLSA and A.R.S. § 23-352.

32.     Moreover, Defendants forced Plaintiff to work a minimum of 60 hours per week (5 days per week x12 hours per day) and did not pay Plaintiff any overtime pay for work in excess of 40 hours a week as required by the FLSA.

33.     In addition to the 60 hours that Plaintiff was forced to work on a weekly basis, Plaintiff was also forced to work additional hours in connection with the opening of the restaurant as well as time needed to prepare food before the start of business.

34.     In addition, the Agreement provides that Cleopatra may terminate the Agreement "upon 30 days written notice, and by [Plaintiff] upon 30 days written notice."

35.     Cleopatra did not provide Plaintiff with a written notice prior to terminating her employment as Head Chef of the Restaurant.

36.     Plaintiff performed her duties and responsibilities as Head Chef under the Agreement without any complaint or objection by any of the Defendants or any of the Restaurant's patrons.

37.     On or about August 6, 2012, Defendants contacted Plaintiff on her cellular phone leaving a threatening message, warning Plaintiff not to return to work, and thus terminating her employment as Head Chef of the Restaurant.

38.     Defendants' termination of Plaintiff, coming on the heels of her complaints regarding Defendants' failure to pay her constitutes retaliation under the FLSA. Defendants firing of Plaintiff violated 29 U.S.C. 215(a)(3), which prohibits firing an employee for filing a complaint in any matter relating to the FLSA.

39.     Because of Defendants' breach of the Agreement, Plaintiff was compelled to move again from Arizona to New Jersey with her family incurring additional inconvenience, costs and expenses.

40.     Defendants did not pay Plaintiff her just compensation under the Agreement or any of the moving expenses incurred by Plaintiff when moving to and from Arizona.

41.     Subsequent to Defendants' unlawful termination of Plaintiff, Plaintiff made repeated demands for her compensation, both personally and through her attorneys. Defendants have ignored these demands.

42.     Due to Defendants' actions, Plaintiff suffered damages thereby.

## AND AS FOR A FIRST CAUSE OF ACTION

### (Violation of the FLSA's Overtime Requirement)

43.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of this Complaint as if fully set forth in detail herein.

44.     Section 7 of the FLSA, 29 U.S.C. §207, requires an employer to compensate each employee in interstate commerce for hours worked by that employee each week in excess of 40 hours at one and one half times the regular rate of pay at which that employee is employed.

45.     Plaintiff, at Defendants' request, worked substantially in excess of 40 hours per week, during each week she was employed by Defendants.

46.     Defendants failed to compensate Plaintiff at one and one half times his regular rate for hours that she worked each week in excess of 40 hours, thereby violating §207 of the FLSA.

47.     The violation was willful.

## AND AS FOR A SECOND CAUSE OF ACTION

### (Violation of FLSA's Anti-Retaliation Provision)

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 of this Complaint as if fully set forth in detail herein.

49.     As described above, Plaintiff complained to Defendants regarding Defendants' failure to pay her legal wages as required by the FLSA.

50.     Defendants retaliated against Plaintiff for these protected complaints by threatening and firing her, in violation of 29 U.S.C. §215(a)(3).

51.     Defendants' unlawful retaliation was willful.

## AND AS FOR A THIRD CAUSE OF ACTION

### (Violation of Arizona's Anti-Retaliation Provision)

52.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51 of this Complaint as if fully set forth in detail herein.

53.     As described above, Plaintiff complained to Defendants regarding Defendants' failure to pay her legal wages as required by Arizona law.

54.     Defendants retaliated against Plaintiff for these protected complaints by threatening and firing her, in violation of A.R.S. 23-1501.

55.     Defendants' unlawful retaliation was willful.

## AND AS FOR A FOURTH CAUSE OF ACTION

### (Breach of Contract)

56.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 of this Complaint as if fully set forth in detail herein.

57.     Defendants agreed to employ Plaintiff under the terms stated above.

58.     Plaintiff fulfilled her responsibilities under the contract.

59.     Defendants breached the terms of the employment agreement with Plaintiff by failing to compensate Plaintiff for the agreed upon wages and for failing to give Plaintiff a 30-day notice prior to her termination.

60.     Despite demand, Defendants have failed and refused to pay Plaintiff the wages due to her under the terms of her employment agreement with Defendants.

61.     Defendants' failure to pay Plaintiff the wages due to her is a breach of the employment agreement between Plaintiff and Defendants.

62.     Pursuant to A.R.S. § 12-341.01, Plaintiff is entitled to her reasonable attorney's fees and costs.

## AND AS FOR A FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

63.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 62 of this Complaint as if fully set forth in detail herein.

64.     As a result of Plaintiff's performance of her duties under the contract with Defendants, Defendants received a benefit.

65.     Defendants have failed and refused to compensate Plaintiff for her work.

66.     Allowing Defendants to retain the benefit without paying Plaintiff for her labor would be unjust.

67.     By reason of the foregoing, Defendants have been unjustly enriched to the detriment of Plaintiff.

## AND AS FOR A SIXTH CAUSE OF ACTION

### (Breach of the Duty of Good Faith and Fair Dealing)

68.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 67 of this Complaint as if fully set forth in detail herein.

69.     The above conduct by Defendants violates the implied covenant of good faith and fair dealing inherent in every contract.

70.     As a result of the foregoing, Plaintiff has suffered damages.

## AND AS FOR A SEVENTH CAUSE OF ACTION

### (Failure to Pay Wages or Compensation)

71.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 70 of this Complaint as if fully set forth in detail herein.

72.     Defendant Cleopatra has failed to pay Plaintiff wages or compensation under the Agreement in an amount not less than $50,300.00, with the exact amount to be proven at trial, which were directly caused by Defendants' conduct, all in violation of A.R.S. § 23-355.

73.     Pursuant to A.R.S. § 23-355, Plaintiff is entitled to treble damages.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

### (Breach of Fiduciary Duty against Antone Youssef and Ali Othman)

74.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 73 of this Complaint as if fully set forth in detail herein.

75.     The above conduct of defendants Youssef and Othman, as President and Director of the corporate defendant Cleopatra, violates their fiduciary duty to Plaintiff as employee of the Restaurant.

76.     As a consequence of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment as follows:

A.      judgment declaring that Defendants violated Plaintiff's rights under §§6 and 7 of the FLSA, 28, U.S.C. §§206, 207 and 215, and A.R.S. §§ 23-353 and 355;

B.      judgment declaring that Defendants are liable to Plaintiff jointly and severally for damages in the amount of the overtime compensation due to Plaintiff under the FLSA but unpaid to her, and an additional equal amount as liquidated damages;

C.      judgment in favor of Plaintiff against Defendants jointly and severally granting monetary compensation for his unlawful, retaliatory, termination in violation of the FLSA and the Arizona Revised Statutes;

D.      judgment in favor of Plaintiff against Defendants jointly and severally for breach of the employment agreement between Plaintiff and Defendants in the sum of at least $50,300.00;

E.      judgment in favor of Plaintiff against Defendants jointly and severally based upon Defendants being unjustly enriched to the detriment of Plaintiff in the sum of at least $50,300.00;

F.      judgment in favor of Plaintiff against Defendants jointly and severally based upon Defendants' failure to pay wages in an amount trebled as allowed by Arizona law, in the sum of at least $150,900;

G.      judgment in favor of Plaintiff against Defendants Youssef and Othman, jointly and severally, based on their breach of their fiduciary duties owed to Plaintiff;

H.      pre-judgment interest;

I.      cost and disbursements and reasonable attorneys fees; and

J.      such other and further relief as may be just and proper.

Dated:  New York, New York
            May 21, 2013

                                                        Ballon Stoll Bader & Nadler, P.C.


                                                        By  _____
                                                               Avraham Z. Cutler (AC 3764)
                                                               *Attorneys for Plaintiff*
                                                               729 Seventh Avenue, 17th Floor
                                                               New York, New York 10019
                                                               Telephone: (212) 575-7900